Timothy T. Brock (TB-4718)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for the Joint Official Liquidators
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                        :

In re:                                      :

                                       : Chapter 15

BANCREDIT CAYMAN LIMITED (IN LIQUIDATION)   :

                                       : Case No.  06-11026 (SMB)

                      Debtor,      :

                                          :
------------------------------------------------------------------------x

### APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Richard Fogerty and G. James Cleaver, the Joint Official Liquidators and recognized Foreign Representatives (the "Foreign Representatives") of Bancredit Cayman Limited (in Liquidation) (the "Debtor"), through their attorneys Satterlee Stephens Burke & Burke LLP, designate the following items to be included in the record on appeal with respect to the Notice of Appeal entered on November 13, 2007 [ECF docket no. 33] in the above-captioned chapter 15 case:

| Date Filed | Docket No. | Document |
|---|---|---|
| May 10, 2006 | 1 | Chapter 15 Petition and Exhibits thereto. |
| June 16, 2006 | 13 | Order (1) Granting Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1517; (2) Granting Relief as of Right Pursuant to 11 U.S.C. § 1520; (3) Granting Related Relief; and (4) Scheduling Continued Hearing With Respect to Certain Relief Requested under 11 U.S.C. § 1521 |

| Date Filed | Docket No. | Document |
|---|---|---|
| June 15, 2006 | 15 | Supplemental Order Granting Related Relief Requested in Chapter 15 Petition Pursuant to § 1521 of the Bankruptcy Code |
| August 15, 2007 | 20 | Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted |
| August 15, 2007 | 21 | Notice of Presentment of Application Amendment of Supplemental Recognition Order to Clarify Relief Granted |
| August 23, 2007 | 23 | Limited Objection to Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted |
| September 19, 2007 | 25 | Notice of Withdrawal of Limited Objection to Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted |
| September 24, 2007 | 27 | Notice of Hearing on Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted |
| October 11, 2007 | 30 | Transcript of Hearing Held on October 4, 2007 |
| October 17, 2007 | 29 | Order Denying Application to Amend Supplemental Recognition Order |
| October 29, 2007 | 31 | Motion for Reargument with Respect to Foreign Representatives' Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted or Grant Additional Relief |
| November 2, 2007 | 32 | Memorandum Decision and Order Denying Motion for Reargument |
| November 13, 2007 | 33 | Notice of Appeal |

**Statement of Issues on Appeal**

1.      Did the Bankruptcy Court err in failing to determine that it had the authority to grant the requested relief to the Foreign Representatives, pursuant to 11 U.S.C. section 1521(a)(7) and the legislative history which presumes that section 108 relief is available to foreign representatives?

2.      Did the Bankruptcy Court err in refraining from deciding the ultimate issue of whether section 108 relief is available to foreign representatives?

3.      Did the Bankruptcy Court err in finding that in chapter 15 a grant of section 108 relief, if possible at all, would require that issue be joined with a defendant, unlike the application of section 108 in all other chapters of Title 11, by operation of law and without even a requirement of notice?

4.      Did the Bankruptcy Court err in failing to make a determination that the filing of a petition under chapter 15 should be considered an order for relief, such that section 108 applies?

5.      Did the Bankruptcy Court err in failing to determine that the Foreign Representatives should be considered to be a trustee for purposes of section 108?

6.      Did this Bankruptcy Court err in failing to address an intervening order from another Bankruptcy Court granting the relief which the Foreign Representatives sought in their motion?

Dated: New York, New York
        November 23, 2007

                                SATTERLEE STEPHENS BURKE & BURKE LLP
                                Counsel for the Joint Official Liquidators


                                By:   /s/ Timothy T. Brock
                                      Timothy T. Brock (TB-4718 )
                                      Abigail Snow (AS-2960)
                                230 Park Avenue
                                New York, New York 10169
                                (212) 818-9200