UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

In re:                                               :
                                                     :
                                                     : Chapter 15
BANCREDIT CAYMAN LIMITED (IN LIQUIDATION)            :
                                                     : Case No. 06-11026 (SMB)
                        Debtor,                       :
                                                     :
------------------------------------------------------------------------- x
                                                     :
In re:                                               :
                                                     :
BANCREDIT CAYMAN LIMITED (IN LIQUIDATION)            : Case No. 1:07-cv-11338-LAK
                                                     :
                        Debtor-Appellant.            :
                                                     :
------------------------------------------------------------------------- x


# APPELLANTS' BRIEF


SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

Attorneys for Richard Fogerty and G. James
Cleaver, the Joint Official Liquidators and
recognized Foreign Representatives of
Bancredit Cayman Limited (In Liquidation)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BASIS OF APPELLATE JURISDICTION ............................................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW ........................................................3

STANDARD OF REVIEW .................................................................................................3

STATEMENT OF THE CASE .............................................................................................4

    A.  Procedural History.........................................................................................4

ARGUMENT.....................................................................................................................5

  I.   THE BANKRUPTCY COURT ERRED BY ESSENTIALLY ABSTAINING FROM
      DETERMINING AN ISSUE INVOLVING THE ADMINISTRATION OF A
      DEBTOR'S U.S. ESTATE, A CORE PROCEEDING ARISING UNDER TITLE 11 ......6

  II.  THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW IN FAILING TO
      DETERMINE THAT IT HAD THE AUTHORITY TO GRANT THE RELIEF
      REQUESTED PURSUANT TO 11 U.S.C. 1521(a)(7)....................................................10

    A.  The Bankruptcy Court Had Authority and Discretion to Order Such Relief .............11

    B.  Section l521(a)(7) Gives the Bankruptcy Court  Authority to
        Apply Section 108 to a Chapter 15 Case ...................................................14

    C.  The Bankruptcy Court Erred as a Matter of Law in Finding that a Grant
        Of Section 108 Relief Would Require that Issue Be Joined with a Defendant ..........16

    D.  Another Bankruptcy Court Has Found that Foreign Representatives
        Are Entitled to Section 108 Relief Under 11 U.S.C. § 1521(a)(7) ..............................17

  III. THE BANKRUPTCY COURT ERRED IN FAILING TO  DETERMINE THAT
      SECTION 108 RELIEF WAS AVAILABLE  TO THE FOREIGN
      REPRESENTATIVES AUTOMATICALLY .................................................................18

    A.  The Legislative Intent Weighs in Favor of Application
        Of Section 108 in Chapter 15 Cases .........................................................19

    B.  The Filing of a Petition under Chapter 15  Should
        Be Considered an Order for Relief.............................................................21

    C.  The Foreign Representatives Should Be Considered
        To Be a Trustee for Purposes of Section 108 Relief ...................................22

CONCLUSION.................................................................................................................24

# TABLE OF AUTHORITIES

## CASES

In re Calpine Corp., 361 B.R. 665 (Bankr. S.D.N.Y. 2007) ...........................................8

City of New York Department of Finance v. R.H. Macy & Co. (In re R. H. Macy & Co.),
    176 B.R. 315 (S.D.N.Y. 1994) ..............................................................3

Colorado River Water Conservation v. U.S., 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d
    483 (1976)......................................................................................8

Docter, Docter & Salus v. United States (In re Abingdon Realty Corp.), 21 B.R. 290
    (E.D. Va. 1982).............................................................................23

Enron Corp. v. Springfield Associate, L.L.C. (In re Enron), 2006 WL. 2548592
    (S.D.N.Y. Sept. 5, 2006)................................................................2

In re Everfresh Beverages, Inc., 238 B.R. 558 (Bankr. S.D.N.Y. 1999) ................14, 17

Ex rel. America Bank v. C.I.T. Construction Inc. of Texas, 944 F.2d 253 (5th Cir. 1991)....23, 24

In re Indian Motocycle Co., Inc., 261 B.R. 800 (1st Cir. B.A.P. 2001) .......................10

In re Ionosphere Clubs, Inc., 108 B.R. 951 (Bankr. S.D.N.Y. 1989) .............................6

Johnson v. First National Bank, 719 F.2d 270 (8th Cir. 1983)....................................23

MHI Shipbuilding, LLC v. National Fire Insurance Co., 286 B.R. 16 (D. Mass. 2002)...............23

In re Mid-Continent Electric, Inc., 278 B.R. 601 (Bankr. M.D. Fla. 2002) ....................8

In re Olympia & York Maiden Lane Co., LLC, 233 B.R. 662 (Bankr. S.D.N.Y. 1999) .............23

In re Parmalat Securities Litigation, 493 F.Supp.2d 723, 732 n.51 (S.D.N.Y. 2007) ..................17

Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.),
    101 F.3d 882 (2d Cir. 1996) ...........................................................2

In re Schlotzsky's, Inc., 351 B.R. 430 (Bankr. W.D. Tex. 2006) .................................9

In re Summerfield Pine Manor, 219 B.R. 637 (1st Cir. BAP 1998).................................9

In re Treco, 240 F.3d 148 (2d Cir. 2001).......................................................13

## STATUTES

11 U.S.C. § 108...........................................................................................3, 5, 18, 22, 23

11 U.S.C. § 157........................................................................................................6

11 U.S.C. § 301......................................................................................................22

11 U.S.C. § 1501.................................................................................................15, 19

11 U.S.C. § 1502....................................................................................................22

11 U.S.C. § 1507............................................................................................12, 13, 16

11 U.S.C. § 1520.................................................................................................11, 20

11 U.S.C. § 1521............................................................................10, 11, 12, 14, 17

28 U.S.C. § 158......................................................................................................2, 8

28 U.S.C. 1292........................................................................................................2

28 U.S.C. § 1334.................................................................................................7, 10

## OTHER

Fed. R. Bankr. P. 8009............................................................................................1, 3

Fed. R. Bankr. P. 8013.................................................................................................3

H.R. Rep. 109-31(I) at 109, 109th Cong., 1st Sess. 2005, 2005 U.S.C.C.A.N. 88, 2005
    WL. 832198 ...............................................................................................12, 13, 20

Model Law on Cross-Border Insolvency of the United Nations Commission on
    International Trade Law ...................................................................................19

UNCITRAL Model Law on Cross-Border Insolvency with Guide to Enactment .......................20

Richard Fogerty and G. James Cleaver, the Joint Official Liquidators and recognized Foreign Representatives (the "Foreign Representatives") of Bancredit Cayman Limited (in Liquidation) (the "Debtor"), in accordance with Fed. R. Bankr. P. 8009 and 8010, respectfully submit their brief in support of their appeal (the "Appeal") from the "Order Denying Application to Amend Supplemental Recognition Order," entered by the United States Bankruptcy Court for the Southern District of New York (Bernstein, C.J.) on October 17, 2007, and the "Memorandum Decision and Order Denying Motion for Reargument," entered by the United States Bankruptcy Court for the Southern District of New York (Bernstein, C.J.) on November 2, 2007 (the "Orders").

## PRELIMINARY STATEMENT

Section 108 of title 11 of the United States Code (the "Bankruptcy Code") extends an unexpired statute of limitations for up to two (2) years, thereby preventing an unintended forfeiture of an estate's valuable claims. The automatic applicability of section 108 relief in chapter 7, 11, 12 and 13 cases is thus an invaluable tool, necessary for the preservation and administration of bankruptcy estates.

In the proceedings below, the Foreign Representatives sought to either (i) obtain section 108 relief as of right upon request therefor; or (ii) clarify that section 108 relief was "automatic" in chapter 15 cases as it is in all other chapters of the Bankruptcy Code. The Foreign Representatives' position is that they are entitled to one or the other, and that it was error on the part of the Bankruptcy Court to leave them with neither. This is an issue of first impression, given that chapter 15 of the Bankruptcy Code is so recent, and there is no controlling law on this issue as of yet. The result of the Bankruptcy Court's failure to decide the ultimate issue impairs the Foreign Representatives ability to manage the chapter 15 estate and could cause

the forfeiture of valuable claims; it also is likely to result in piecemeal litigation as foreign representatives commence actions in different courts, both federal and state, and under a variety of state laws, possibly leading to inconsistent decisions within the same chapter 15 case, necessitating subsequent appeals.  Accordingly, the Foreign Representatives request that this Court reverse the decision of the Bankruptcy Court and decide, as a matter of law, that the Foreign Representatives are entitled to the relief which they have requested.

## BASIS OF APPELLATE JURISDICTION

This Court has jurisdiction over appeals from final judgments, orders and decrees of the Bankruptcy Court pursuant to 28 U.S.C. § 158.  "A bankruptcy judge's order is final if it 'completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to proper relief.'"  Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.), 101 F.3d 882, 885 (2d Cir. 1996).  The Foreign Representatives respectfully submit that the Orders of the Bankruptcy Court are final, and thus appealable as of right.  The Bankruptcy Court, by failing to render a decision as to whether the relief requested either applies across-the-board in a chapter 15 case or is not available to foreign representatives at all, or to these Foreign Representatives in particular, in essence completely resolved the issue raised by the Foreign Representatives, at least as to them.  Id. 101 F.3d at 885 ("standard for finality in bankruptcy matters is more flexible than in ordinary civil litigation."). [1]

---

[1]      While the Foreign Representatives respectfully submit that this is an appeal as of right from a final order, even if the Orders are deemed by this Court to be interlocutory, the Foreign Representatives submit that cause exists for leave to appeal to be granted.  When deciding whether to permit an interlocutory appeal, courts apply the standards of 28 U.S.C. 1292(b):  the order must "'(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion'" and the appellant must show that "'(3) an immediate appeal would materially advance the ultimate termination of the litigation.'"  Enron Corp. v. Springfield Assoc., L.L.C. (In re Enron), 2006 WL 2548592 at *3 (S.D.N.Y. Sept. 5, 2006)(quoting from 28 U.S.C. 1292(b)).  The Foreign Representatives submit that each of these three factors is present here.

- 2 -

The Foreign Representatives timely filed their notice of appeal from the Orders on November 23, 2007.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.    Whether the Bankruptcy Court erred in refraining – in essence abstaining – from deciding the ultimate issue of whether section 108 relief is available to the Foreign Representatives.

II.    Whether the Bankruptcy Court erred in declining to grant the Foreign Representatives "additional relief" under section 1521(a)(7), that relief being the benefits of section 108.

III.    Whether, after declining to grant the Foreign Representatives the above-referenced "additional relief" the Bankruptcy Court erred in declining to determine whether section 108 relief was available to the Foreign Representatives automatically.

## STANDARD OF REVIEW

When a district court, sitting as an appellate tribunal, reviews a decision of the Bankruptcy Court, it is authorized to "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. While findings of fact are set aside only if clearly erroneous, conclusions of law should be reviewed *de novo*. City of New York Dep't of Fin. v. R.H. Macy & Co. (In re R. H. Macy & Co.), 176 B.R. 315, 316 (S.D.N.Y. 1994)(issues of statutory interpretation are questions of law). The Foreign Representatives respectfully submit that this appeal involves pure issues of statutory review, and thus the standard for review of the Bankruptcy Court's decision is *de novo*.

## STATEMENT OF THE CASE

### A.     Procedural History

On May 10, 2006, the Foreign Representatives filed their petition seeking recognition under chapter 15 of the Bankruptcy Code, of the Bancredit liquidation proceedings in the Cayman Islands as a foreign main proceeding. Record on Appeal ("R.A."), D.1 at p. 1.

On June 16, 2006, the *Order (1) Granting Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1517; (2) Granting Relief as of Right Pursuant to 11 U.S.C. § 1520; (3) Granting Related Relief; and (4) Scheduling Continued Hearing with Respect to Certain Relief Requested under 11 U.S.C. § 1521* (the "Recognition Order") was entered in the Bankruptcy Court's electronic docket. R.A., D.13 at p.105.

On June 30, 2006, the *Supplemental Order Granting Related Relief Requested in Chapter 15 Petition Pursuant to § 1521 of the Bankruptcy Code* (the "Supplemental Recognition Order") was entered in the Bankruptcy Court's electronic docket. [2] R.A., D.15 at p.109.

On August 15, 2007, the Foreign Representatives filed their *Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted* (the "Application"). R.A., D.20 at p. 112.[3] A hearing on the Application was held on October 4, 2007 (the "Hearing"). R.A., D.30 at p. 140. An order denying the Application was entered by the Bankruptcy Court on October 17, 2007. R.A., D.29 at p. 139.

---

[2]     The Supplemental Recognition Order granted certain relief which had not been granted in the Recognition Order due to a limited objection filed by GFN Corporation, Ltd, including, *inter alia*, the right to take discovery, and the right to file suit within the United States to the extent set forth in § 1509 of the Bankruptcy Code.

[3]     Rolando Gonzalez-Bunster and Remington Summit, L.C. (the "Remington Defendants"), filed limited opposition to the Application, seeking to clarify that nothing in the Application would affect a settlement entered into by the Remington Defendants in an action in the United States District Court for the Eastern District of Texas. R.A., D.23 at p. 132. The Limited Objection was consensually resolved prior to the hearing on the Application by submission of a revised proposed order. R.A., D.25 at p. 134. The Remington Defendants have not filed any response to the *Notice of Appeal* or to *Designation of Items to Be Included in the Record on Appeal and Statement of Issues on Appeal*.

On October 29, 2007, the Foreign Representatives filed their *Motion for Reargument with Respect to Foreign Representatives' Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted or Grant Additional Relief* (the "Reargument Motion").  R.A., D.31 at p. 154.

On November 2, 2007, the Bankruptcy Court (Bernstein, C.J.) entered the *Memorandum Decision and Order Denying Motion for Reargument* (the "Memorandum Decision").  R.A., D.32 at p. 217.

The Foreign Representatives timely filed their *Notice of Appeal* on November 13, 2007.  R.A., D.33 at p. 223.

## ARGUMENT

In the Application and the Reargument Motion, and now in this appeal, the Foreign Representatives sought a determination that the relief available in section 108 of the Bankruptcy Code, the extension of unexpired statutes of limitations for up to two years, applies to foreign representatives in a case brought under and recognized as a "foreign main proceeding" pursuant to chapter 15 of the Bankruptcy Code.  Section 108(a) states:

> (a)    If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of –
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

11 U.S.C. § 108(a).

Section 108 is an important tool in the administration of bankruptcy estates, as it permits time within which trustees, debtors-in-possession, or those standing in their fiduciary

position such as the Foreign Representatives here, may investigate possible causes of action that belonged to the Debtor at the time of the bankruptcy filing and to take action on those causes of action.

## I.    THE BANKRUPTCY COURT ERRED BY ESSENTIALLY ABSTAINING FROM DETERMINING AN ISSUE INVOLVING THE ADMINISTRATION OF A DEBTOR'S U.S. ESTATE, A CORE PROCEEDING ARISING UNDER TITLE 11

In the face of Bancredit's request that section 108 either applied as of right or could be requested as additional relief under section 1521, the Bankruptcy Court's sole final determination was that it would not decide this issue on its merits without "live" prospective defendants who might be affected by such relief on notice and able to contest it: "If the Foreign Representatives mean to imply that § 108 does or should extend to them, they can make that argument in the appropriate court when and if a defendant in a lawsuit asserts a statute of limitations defense." R.A., D.32 at p. 221. The Bankruptcy Court thus created the possibility that multiple courts, including state courts, in which Bancredit might commence actions will make multiple, perhaps conflicting, section 108 determinations once live defendants interpose statute of limitations defenses.

In so doing, the Bankruptcy Court essentially made a final determination of abstention. This issue, i.e., whether a foreign representative appointed pursuant to a recognized foreign main proceeding is entitled to section 108 relief, is a core proceeding involving the administration of Bancredit's estate in the U.S. under chapter 15. See 11 U.S.C. § 157(b)(2)(A) & (P). Moreover, because section 108 relief, however construed, is a pure creature of the Bankruptcy Code itself, this core proceeding "aris[es] under" title 11. See 11 U.S.C. § 157(b)(1). Consequently, because this issue is a core proceeding arising under title 11, there was no basis for the Bankruptcy Court to have abstained under the mandatory abstention provisions

set forth in 28 U.S.C. § 1334(c)(2).  See In re Ionosphere Clubs, Inc., 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989) (explaining that "mandatory abstention under 28 U.S.C. § 1334(c)(2) only applies to non-core proceedings").

The Bankruptcy Court also abused its discretion if this abstention is gauged under the only potentially-applicable abstention standard:  the permissive abstention provision set forth in 28 U.S.C. § 1334(c)(1).  For one, this is a chapter 15 case and it appears that the plain text of the post-BAPCPA provision does not allow abstention to be used in such a case:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (emphasis added).

Additionally, this core proceeding falls far outside that narrow range of proceedings for which permissive abstention has been considered appropriate by the federal courts.[4]  "The United States Supreme Court has found that permissive abstention is most

---

[4]    Since the Bankruptcy Court did not undertake a formal permissive abstention analysis, although perhaps it should have, the Foreign Representatives did not want to weigh down their brief in main with a discussion of the Southern District's twelve-factor test for assessing such motions:

> In determining whether to exercise permissive abstention under section 1334(c), courts have considered one or more (not necessarily all) of twelve factors: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. In re Cody, Inc., 281 B.R. 182, 190-91 (S.D.N.Y.2002); In re Balco Equities Ltd., Inc., 323 B.R. 85, 92 -93 (Bkrtcy.S.D.N.Y.2005).

In re Calpine Corp., 361 B.R. 665, 669 (Bankr. S.D.N.Y. 2007).  Without belaboring the point, Bancredit submits that all or nearly all of these stated factors weigh against abstention and in favor of the Bankruptcy Court having retained jurisdiction to reach this issue on the merits.

appropriate when a case is dominated by state law issues or raises unsettled issues of state law."
*Calpine*, 361 B.R. at 669-70 (citing Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876 (1940)).   Moreover, abstention is appropriate only in certain narrowly-tailored, exceptional circumstances.  Colorado River Water Conservation v. U.S., 424 U.S. 800, 817-818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  A global determination of whether section 108 applies to Bancredit's Foreign Representatives raises absolutely no issue of state law, unsettled or not, even thought it affects the Foreign Representatives' rights pertaining to the estate's prospective state-based causes of action.   The decision should thus remain with the Bankruptcy Court.  See, e.g., In re Mid-Continent Electric, Inc., 278 B.R. 601, 606 (Bankr. M.D. Fla. 2002) (rejecting motion to abstain from determining debtor's request for declaratory judgment that section 108(a) applied, reasoning that "it is evident that neither 28 U.S.C. § 1334(c)(1) nor (c)(2) are applicable simply because the Adversary Proceeding pending before this Court is not a civil proceeding based on *state* law, but based on 11 U.S.C. § 108(a)(2).") (emphasis in original).   If anything, this issue, being one of first impression for the post-BAPCPA Bankruptcy Code, is eminently one that should not have been consigned to various state courts.[5]

This core proceeding, because it poses the purely legal question of whether the Foreign Representatives either have or may receive section 108 relief at all, is a global matter involving the administration of Bancredit's chapter 15 estate.  The Bankruptcy Court, by off-loading a determination of the merits of Bancredit's motion to a potential multiplicity of courts, abused its discretion by abnegating its core duty to administer this estate:  "Centralized

---

[5]      The importance of this issue is such that, although they have not chosen to take such a route, the Foreign Representatives submit that this appeal would easily meet the criteria set forth in 28 U.S.C. § 158(d)(2) for certification for a direct appeal to the Second Circuit Court of Appeals.

administration of the estate is another important consideration in the abstention calculus, as the pervasive jurisdiction created for bankruptcy matters was crafted primarily to achieve that end." In re Schlotzsky's, Inc., 351 B.R. 430, 436 (Bankr. W.D. Tex. 2006)  For example, the First Circuit's Bankruptcy Appellate Panel has held that bankruptcy courts may not use section 1334(c)(1) to divert core proceedings onto state courts:  "Clearly, the Bankruptcy Court, exercising the original and exclusive jurisdiction of the district court under 28 U.S.C. § 1334, cannot abstain from the administration of the bankruptcy case, leaving a state court to determine core matters.  They are matters that arise exclusively under the Bankruptcy Code and related jurisdictional statutes establish jurisdiction in the district court and in the Bankruptcy Court, its delegatee."  In re Summerfield Pine Manor, 219 B.R. 637, 638-39 (1st Cir. BAP 1998).

In *Summerfield*, the joint debtors, four nursing homes, brought a section 363 motion in the bankruptcy court to establish bidding procedures and sell their assets free and clear of liens.  A jilted bidder for the business of the debtors' corporate parent (a non-debtor), which business included the debtors themselves, moved in the bankruptcy court seeking to have that court abstain and allow an action for specific performance against the debtors' parent pending in the Massachusetts state court to proceed.  The bankruptcy court denied the motion and the Bankruptcy Appellate Panel affirmed that decision.

Although abstention in favor of the pending state court proceeding in *Summerfield* would have entailed the disposal of the debtors and their assets outside of the bankruptcy court, unlike this case, there was at least a pending state court proceeding raising issues of state law. Here, the Bankruptcy Court had even less reason to abstain:  the issue is purely an administrative one arising under the Bankruptcy Code.  It necessarily precedes the Foreign Representatives' analysis of where and when to bring the estate's prospective actions, or even whether they should

continue pursuing certain lines of inquiry at all.  "Once a bankruptcy case is commenced in a proper forum court, that court has exclusive jurisdiction over administration of the bankruptcy estate."  In re Indian Motocycle Co., Inc., 261 B.R. 800, 807-07 (1st Cir. B.A.P. 2001) (citing Congress's intent, as evidenced by 28 U.S.C. § 1334(e)).  The Bankruptcy Court here thus abused its discretion by avoiding the issue:  even an unfavorable global determination on the merits would have been preferable, as the Foreign Representatives could then assess Bancredit's claims without the attendant uncertainty attributable to the Bankruptcy Court's indecision.

## II.  THE BANKRUPTCY COURT ERRED AS A MATTER OF LAW IN FAILING TO DETERMINE THAT IT HAD THE AUTHORITY TO GRANT THE RELIEF REQUESTED PURSUANT TO 11 U.S.C. 1521(a)(7)

Under section 1521 of the Bankruptcy Code, foreign representatives have the right to request section 108 relief.  What is not clear is whether such relief is automatic, even without the necessity of a request.  In order for section 108 relief to be applied automatically and without request in chapter 15 cases, the statute must be interpreted in a fashion which differs from that which a plain reading would suggest.[6]  Nevertheless, it is abundantly clear that foreign representatives may ask for section 108 to be made applicable to them.  See 11 U.S.C. § 1521(a)(7).

A fair reading of chapter 15 in its totality leads to the conclusion that it is either necessary that the Foreign Representatives request this relief under section 1521, or that the court could decide that such relief is available as of right, and without a formal request.  The Foreign Representatives are in a position in which the estate which they administer can benefit from the extension of time given in section 108(a), as the estate's causes of action – which arise from the various acts of wrongdoing prior to the insolvency proceedings in the Cayman Islands and which

---

[6]       The legislative history of chapter 15 suggests that this is just what was intended and what the Bankruptcy Court should have done.  See Point III A herein.

have been developed only through the ability of the Foreign Representatives to pursue discovery in the United States under chapter 15 – are no longer youthful.    While the Foreign Representatives respectfully submit that section 108 should be applied automatically *see* Point II herein), they believed it necessary to seek a determination by asking for such relief expressly or alternatively asking the court to determine that it is automatic.[7]

The Foreign Representatives respectfully submit that the Bankruptcy Court erred in failing to determine that it had the authority to grant the relief requested, for the reasons set forth herein.

### A.    The Bankruptcy Court Had Authority and Discretion to Order Such Relief

To the extent that the discretion of the Bankruptcy Court was being invoked under section 1521 of the Bankruptcy Court, the Bankruptcy Court had the authority and discretion to confer on the Foreign Representatives the relief they sought.[8]    Upon recognition of a foreign main proceeding, 11 U.S.C. § 1520 provides that sections 361, 362, 363, 549 and 552 of the Bankruptcy Code apply as of right in a chapter 15 case.    Section 1520 is silent as to the application of section 108, although, as discussed herein, Congress assumed and intended that section 108 would apply in chapter 15 cases.    *See* Point III A herein.    Further, 11 U.S.C. § 1521(a)(7) expressly allows courts to grant to foreign representatives any additional relief that may be available to a trustee where such relief is necessary to effectuate the purpose of chapter 15 and to protect the assets of the debtor or the interests of creditor.    There are certain specific

---

[7]        In other words, if the Foreign Representatives were to abide by the apparent directive of the Bankruptcy Court below – that is, allow the issue to be decided piecemeal – it is foreseeable that the defense would be asserted, and possibly embraced by a court, that the relief, though available under section 1521, was never sought by the Foreign Representatives and but for this failure, section 108 relief would have been available.

[8]        The Foreign Representatives submit that, while the Bankruptcy Court had the authority and discretion to confer relief, the relief they requested need not be discretionary, but is relief with which they are already vested. *See* Point III herein.    Accordingly, the Bankruptcy Court could have ruled that the relief was granted, though no determination was thereby made that, absent an express request, the relief would not be automatic.

exceptions, not applicable to this request, which would be available to a trustee under §§ 542, 544, 545, 547, 548, 550 and 724(e), but are not available to a foreign representative.  It is notable that while the Bankruptcy Code specifically excludes the rights given to debtors or trustees under these sections from the rights given to foreign representatives, the rights available under section 108 are not excluded.

In addition to the relief available under sections 1520 and 1521 of the Bankruptcy Code, the Bankruptcy Court may also "provide additional assistance under this title or under other laws of the United States . . ."  11 U.S.C. § 1507.  It is clear from the legislative history of chapter 15 in general, and section 1507 in particular, that Bankruptcy Judges are not to have their powers or discretion to offer relief to foreign debtors in ancillary cases circumscribed by the new chapter 15.  As noted in the House Report, the new section 1507 'is intended to permit the further development of international cooperation begun under section 304, but is not to be the basis for denying or limiting relief otherwise available under this chapter."  H.R. Rep. 109-31(I) at 109, 109th Cong., 1st Sess. 2005, 2005 U.S.C.C.A.N. 88, 172, 2005 WL 832198.

This legislative history shows that it would be inappropriate to use chapter 15 to deny extending section 108 to a foreign representative, where a domestic trustee is afforded such relief as a matter of course.  This legislative history also shows that it would be inappropriate to deny a Bankruptcy Judge applying chapter 15 the discretion that the Section 304 jurisprudence not only took for granted, but required.  As the Second Circuit Court of Appeals noted at length in *Treco*:

> The plain language of [repealed Section 304(c)], repeatedly using the term "such estate" to direct the bankruptcy courts to focus their analysis on the particular estate in bankruptcy being considered, requires the courts to conduct a case-by-case balancing of the statutory factors. The House Report accompanying the bill that included what later became § 304 confirms that "[t]hese guidelines

> are designed to give the court the maximum flexibility in handling
> ancillary cases. . . . [T]he court [should] make the appropriate
> orders under all of the circumstances of each case, rather than
> being provided with inflexible rules."  H.R. Rep. No. 95-595, at
> 324-25 (1977). As the courts have subsequently recognized, § 304
> by its terms requires an exercise of judicial discretion.

<u>In re Treco</u>, 240 F.3d 148, 154-55 (2d Cir. 2001)(some citations omitted).

Congress intended that this high level of discretion remain under chapter 15:

"The additional assistance [under the new Section 1507] is made conditional upon the court's

consideration of the factors set forth in the current subsection 304(c) in a context of a reasonable

balancing of interests following current case law."  H.R. Rep. No. 109-31(I) at 109, 2005

U.S.C.C.A.N. at 172. [9]   Given this consistent legislative history, extending from before the

enactment of the Bankruptcy Code through to the recent incorporation of the Model Law on

Cross-Border Insolvency of the United Nations Commission on International Trade Law into the

Bankruptcy Code through BAPCPA, it would be inappropriate to deny even the consideration of

applying section 108 to an ancillary case without any balancing of factors whatsoever.

The Bankruptcy Court erred in its stated concern that the relief requested

implicates public policy and is potentially prejudicial to United States citizens.  See R.A., D.32 at

p. 220-221.  Section 108 is statutory public policy of the United States, and by reason of its grant

of an extended statute of limitations to trustees upon the filing of a petition and the entry of an

order for relief, it strips parties of possible defenses without giving them the right to be heard.

Accordingly, the Foreign Representatives' request fits within the balancing of factors referred to

and it is not contrary to public policy.  *See* Point II C herein.

---

[9]        The factors to be weighed under old section 304(c), with the exception of comity, were continued
in section 1507(b), and are:  (1) "just treatment" of claims and interest holders; (2) protection of United States
claims holders from prejudice and inconvenience; (3); "prevention of preferential or fraudulent disposition of
property of the debtor;" (4) distribution of proceeds in accord with the Bankruptcy Code; and (5) an opportunity for
a fresh start, if appropriate.  11 U.S.C. § 1507(b).

**B.    Section l521(a)(7) Gives the Bankruptcy Court
Authority to Apply Section 108 to a Chapter 15 Case**

Even if the Bankruptcy Court had decided that the legislative history does not clearly make the availability of section 108 relief to foreign representatives mandatory and automatic, it was still within the Court's discretion to grant such relief.  As stated above, the Bankruptcy Code expressly allows bankruptcy courts to grant any additional relief to a foreign representative that may be available to a trustee (with enumerated exceptions, none applicable here) where such relief is "necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors."  11 U.S.C. § 1521(a)(7).

Section 108 applies when a party is "standing in the shoes of the debtor."  In re Everfresh Beverages, Inc., 238 B.R. 558, 572-73 (Bankr. S.D.N.Y. 1999)(section 108 preserves statute of limitations only where cause of action is one which could have been brought by debtor). *See*, Point III C herein.  Just so, a foreign representative stands in the shoes of the debtor.  Upon recognition as a foreign main or nonmain proceeding, the debtor's foreign representative may request and receive "any appropriate relief, including . . . [a]ny additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)."  11 U.S.C. § 1521(7).  Assuming that the Section 108 extension constitutes relief that can be requested by, rather than automatically vested in, the foreign representative,  such foreign representative may clearly request it because he or she stands in the shoes of debtor, as does a trustee, and section 108 is not specifically listed as among the types of relief section 1521(7) deems unavailable to a foreign representative.

Under section 108(a), a trustee is allowed to commence an action before the later of the expiration of any applicable statute of limitations or two years after the order for relief, provided that the limitations period on such action has not expired as of the petition date.    A

- 14 -

trustee is entitled to relief under section 108(a), and such relief should also be available to the Foreign Representatives in this case.

Allowing the Foreign Representatives the same extension of time to file actions as a trustee under section 108 effectuates chapter 15's purpose. According to section 1501(a), chapter 15's purpose is "to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency." 11 U.S.C. § 1501(a). This purpose has several objectives, including:

- Cooperation between courts of the United States, United States trustees, trustees, examiners, debtors, and debtors in possession; and the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
- fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor; and
- maximization of the value of the debtor's assets.

11 U.S.C. § 1501(a)(1), (3), and (4).

In this case, the Foreign Representatives have been pursuing the transfer of assets of the Debtor through discovery in the United States. Information is being developed regarding potential causes of action; naturally statutes of limitations in various jurisdictions impact the viability of the Foreign Representatives' potential claims. Decisions need to be and are being made which may result in forfeitures of otherwise viable claims.

The application of section 108 across the entire chapter 15 case will aid the administration of the estate by creating some certainty as to how and when scarce resources ought to be allocated. Additionally, this relief will allow the Foreign Representatives the necessary time to adequately and efficiently complete their investigation of any causes of action

that might be held by them and to file actions that may enlarge the estates which they administer. Therefore, it is consistent with the purposes of chapter 15 and will protect the estates' assets and the interests of creditors.

        **C.**      **The Bankruptcy Court Erred as a Matter of Law in Finding that a Grant
Of Section 108 Relief Would Require that Issue Be Joined with a Defendant**

      The Bankruptcy Court erred in holding that a decision as to whether section 108 applies to foreign representatives in chapter 15 cases can only be made in the context of individual actions and with the presence of prospective defendants.  The rights of prospective defendants should not be a factor in considering whether to allow the Foreign Representatives to make use of section 108's tolling provision.  First, under the balancing of factors previously undertaken in section 304 jurisprudence, as incorporated into chapter 15 through the legislative history to section 1507, there is no provision to consider the protection of prospective third-party defendants against whom the estate has claims.  If anything, forcing a foreign representative to show his or her hand against known prospective defendants could run counter to the third 1507(b) factor, the prevention of "preferential or fraudulent dispositions of property of the debtor;" 11 U.S.C. § 1507(b)(3), as doing so could assist third-parties, whether known or unknown to a foreign representative, in perfecting or hiding any fraudulent transfers before the foreign representative's investigations into assets in the United States were complete and actions were ready to be commenced.

      Moreover, such prospective third-party defendants have not lost anything. Section 108, where domestic trustees are concerned, operates by operation of law; section 108 requires no notice or opportunity to be heard be given to every prospective defendant of a domestic trustee.  Because the section 108 relief is a right extending only to one who stands in the shoes of a debtor, its operation does not prejudice the substantive rights of prospective

defendants.  That is, section 108(a) does not toll a statute of limitations as to all comers or parties – the statute will still run and such other parties would be barred.  Everfresh, 238 B.R. at 572-73 ("[Section 108] is explicit in that it applies to save and preserve a statute of limitations only where the cause of action sought to be asserted by the trustee is a claim that the debtor could have brought.")(citations omitted).  One of the few Section 304 opinions to address section 108 (in passing via footnote) noted that section 108(c) does not "stop the limitations period from running while the stay is pending. "[B]y its terms § 108(c) does not provide for tolling of any externally imposed time bars . . .  The bankruptcy section only calls for applicable time deadlines to be extended for 30 days after notice of the termination of a bankruptcy stay, if any such deadline would have fallen on an earlier date." In re Parmalat Securities Litigation, 493 F.Supp.2d 723, 732 n.51  (S.D.N.Y. 2007)(quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1073 (2d Cir. 1993).)  Moreover, the plain text of section 108(a) makes it clear that the section will not revive causes of action for which the applicable statute of limitations has run before the petition date.

Congress made the decision that the rights of prospective defendants were subject to compromise in a bankruptcy context, by making the section 108 relief available automatically and without notice in bankruptcy cases.  11 U.S.C. § 108.   Accordingly, extending the same relief to foreign representatives in a chapter 15 case – who stand in the shoes of a trustee – grants no further or different rights than those already given  by Congress to trustees and debtors-in-possession.

**D.    Another Bankruptcy Court Has Found that Foreign Representatives Are Entitled to Section 108 Relief Under 11 U.S.C. § 1521(a)(7)**

The Bankruptcy Court erred in failing to address a development which occurred between the date of the Hearing and the date the Foreign Representatives filed their Reargument

Motion, which was that the relief requested by the Foreign Representatives was granted to foreign representatives in a chapter 15 case filed in another district.

The foreign representatives in another chapter 15 case, *In re Condor Insurance Limited, (in Official Liquidation)*, Case No. 07-51045-ERG, pending in the United States District Court for the Southern District of Mississippi, have recently requested relief identical to that requested herein, and such relief has been granted.[10]   In granting the requested relief, the Court, in *Condor,* held that:

> the application of section 108 of the Bankruptcy Code is relief available to a trustee and therefore can be granted to the Foreign Representatives under section 1521(a)(7), that granting the application of section 108 to this case is necessary to effectuate Chapter 15's purpose and to protect the assets of the debtor or the interests of creditors, and that the appropriate date for the order for relief for purposes of section 108 is August 21, 2007.

R.A., D.31 at p. 215-216.

The Foreign Representatives in *Condor* had requested that the relief be effective as of the date of entry of the recognition order, and that the recognition order, which was dated August 21, 2007, be deemed an order for relief  for purposes of section 108.  The Court agreed and set "August 21, 2007 as the date of the 'order for relief' for purposes of section 108." R.A., D.31 at p. 215.

**III.     THE BANKRUPTCY COURT ERRED IN FAILING TO
DETERMINE THAT SECTION 108 RELIEF WAS AVAILABLE
<u>TO THE FOREIGN REPRESENTATIVES AUTOMATICALLY</u>**

The Foreign Representatives respectfully submit that the section 108 relief  which they have requested is available automatically to foreign representatives, and that the Bankruptcy Court erred in failing to make such a determination. The legislative history of chapter 15

---

[10]     One of the Foreign Representatives in *Condor*, Richard Fogerty, is also one of the Foreign Representatives in this case.

demonstrates that Congress intended that section 108 apply in chapter 15 cases. Additionally, a close examination of the Bankruptcy Code reveals that the filing of a chapter 15 case is an order for relief, and there is case law under which it is clear that section 108 is not limited to solely to "trustees", but has been extended to parties who are the functional equivalent of trustees, which the Foreign Representatives in this case are. Accordingly, this Court should determine, as a matter of law, that section 108 relief is available automatically to the Foreign Representatives in this chapter 15 case.

### A.    The Legislative Intent Weighs in Favor of Application of Section 108 in Chapter 15 Cases

It is clear from the legislative history that Congress intended and assumed that section 108 applies in chapter 15 cases. Chapter 15 of the United States Bankruptcy Code incorporates the Model Law on Cross-Border Insolvency (the "Model Law") of the United Nations Commission on International Trade Law ("UNCITRAL"). 11 U.S.C. § 1501(a). While this legislative history appears in the context of section 108(c) rather than 108(a), it clearly indicates that Congress deviated from the Model Law because it intended and even assumed that all of section 108 applies in chapter 15 cases. And, as noted *supra* in Point II A, Congress carved out with specificity those sections of the Bankruptcy Code which it did not wish to make available to foreign representatives.

The basis for section 1520 of the Bankruptcy Code is Article 20 of the Model Law, the intent of each of which is to stay commencement of actions against a debtor. But, to avoid undue prejudice to creditors who are affected by the stay contained in Article 20(1), the Model Law "does not affect the right to commence individual actions or proceedings to the extent necessary to preserve a claim against the debtor." *See* R.A., D.31 at p.207-208, Article 20(3). Thus, the Model Law allows an exception to the stay to allow an action to be brought and

preserved.[11]  *See* UNCITRAL Model Law on Cross-Border Insolvency with Guide to Enactment (the "Guide"), R.A., D.31 at p.211, para. 151.[12]  The Guide also provides, with respect to Article 20, that "Exceptions and limitations to the scope of the stay and suspensions . . . are determined by provisions governing comparable stays and suspensions in insolvency proceedings under the laws of the enacting State."  Id. at p. 210, para. 33.

This principle was adopted by the U.S. Congress, which provided an exception to the stay "to commence an individual action or proceeding *in a foreign country* to the extent necessary to preserve a claim against the debtor." 11 U.S.C. § 1520(b)(emphasis added).  It should be noted that while the Model Law allows an action to be commenced anywhere for purposes of preservation, section 1520(b) provides an exception only for actions in foreign countries, because it is assumed that section 108 – as the statutory provision which governs "stays and suspensions in insolvency proceedings" (R.A., D.31 at p.210, para. 33) – already provides protection for actions within the United States.  As the legislative history explains, "Section 108 . . . provides the tolling protection intended by Model Law article 20(3), so no exception is necessary for claims that might be extinguished under United States law." *See* 109 H.R.Rep. 109-31(I) at 115, 2005 U.S.C.C.A.N. at 178.  R.A., D.31 at p.213.

Based on the foregoing, there would be no justification for assuming that the omission of reference to section 108(a) in the legislative history was intentional and that Congress intended to "carve out" only one portion of the statute which governs stays and suspensions for foreign representatives in chapter 15 cases.  Rather, the legislative history should be given its plain reading:  that "Section 108 . . . provides the tolling protection" which the

---

[11]    Once an action is preserved, it is stayed from further prosecution.

[12]    Both the Model Law and the Guide are available on the UNCITRAL website at http://www.uncitral.org/pdf/english/texts/insolven/insolvency-e.pdf.

Model Law intended. Accordingly, the Bankruptcy Court should have found that all of section 108 was applicable in a chapter 15 case, whether automatically or pursuant to section 1521 of the Bankruptcy Code.

**B.     The Filing of a Petition under Chapter 15
Should Be Considered an Order for Relief**

At the Hearing, the question arose as to whether there is an "order for relief" in a chapter 15 case. The answer given at the Hearing was that while there is no "order for relief," the phrase order of recognition should be construed as an order for relief. *See* R.A., D.30 at pp. 145, 146, 150 (transcript pp. 6:18-20, 7:2-3, 11:6-11). While the Foreign Representatives submit that the rights contained in section 108 should not be contingent on the presence or absence of the "magic words" order for relief, a close examination of the Bankruptcy Code and its prior history reveals that, in fact, the filing of the petition is an order for relief.

Pursuant to section 301 of the Bankruptcy Code, the commencement of a voluntary case by the filing of a petition by an entity which may be a debtor constitutes an order for relief:

> (a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.

> (b) The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301.

Pursuant to section 1502 of the Bankruptcy Code, which contains the definitions applicable to chapter 15, the subject of a foreign proceeding is a debtor:

> (1) "debtor" means an entity that is the subject of a foreign proceeding –

11 U.S.C. § 1502.[13]

Thus, a foreign representative commences a chapter 15 case, which is voluntary, by the filing of a petition on behalf of the foreign entity.  And according to 11 U.S.C. § 1502, the entity which is the subject of the foreign proceeding is a "debtor."  Accordingly, the filing of the petition in a chapter 15 case should be considered an order for relief, pursuant to section 301(b) of the Bankruptcy Code.

### C.    The Foreign Representatives Should Be Considered To Be a Trustee for Purposes of Section 108 Relief

In a case where there is an order for relief and a trustee, or a fair proxy for a trustee, section 108 of the Bankruptcy Code clearly applies.  The manner in which it applies in such cases would also render section 108 applicable in this case.  Section 108, by its terms, applies to trustees.  This section provides in part that:

> (a)   If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of –
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2)  two years after the order for relief.

11 U.S.C. § 108.

---

[13]    It also seems clear that certain portions of the Bankruptcy Code were overlooked in the process of drafting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), leading to some confusion as to whether the filing of a petition in a chapter 15 case is analogous to the filing of a petition under other chapters of the Bankruptcy Code, and thus as to whether a foreign representative is entitled to § 108 relief, as of right or only in the discretion of the Court.  In the definitions contained in the Bankruptcy Code, section 101(42) was not updated, and reads the same both pre- and post-BAPCPA:

> (42) "petition" means petition filed under section 301, 302, 303, or 304 of this title, as the case may be, commencing a case under this title;

This is clearly an oversight in the post-BAPCPA definitions, as section 304 was repealed and replaced by chapter 15.

While section 108, on its face, applies only to "trustees," the statute is routinely applied to parties who are the functional equivalents of a trustee.  *See, e.g.,* <u>MHI Shipbuilding, LLC v. Nat'l Fire Ins. Co.</u>, 286 B.R. 16, 22 (D. Mass. 2002)(chapter 11 and chapter 12 Debtors in possession); <u>Johnson v. First Nat'l Bank</u>, 719 F.2d 270, 278 n.11 (8th Cir. 1983)(same); <u>Ex rel. Am. Bank v. C.I.T. Constr. Inc. of Texas</u>, 944 F.2d 253, 260 (5th Cir. 1991)(same); <u>Docter, Docter & Salus v. United States (In re Abingdon Realty Corp.)</u>, 21 B.R. 290, 293 (E.D. Va. 1982)(creditor appointed by court to bring action); <u>In re Olympia & York Maiden Lane Co., LLC</u>, 233 B.R. 662 (Bankr. S.D.N.Y. 1999)(state court-appointed receiver).  This extension is justified when it is to parties which have fiduciary obligations to "all the creditors of the bankrupt" and where any money recovered as a result of commencing a suit will become part of the estate to be distributed to all creditors.  <u>C.I.T. Constr.</u>, 944 F.2d at 260 (quoting <u>Natco Indus., Inc. v. Fed. Ins. Co.</u>, 69 B.R. 418, 419 (S.D.N.Y. 1987).

While there is no case law discussing the application of section 108(a) to a foreign representative who has submitted to the authority of the Bankruptcy Court under a chapter 15 case,[14] the principles underlying the statute apply directly to a foreign representative seeking to bring actions in the U.S.  Just as the Fifth Circuit Court of Appeals reasoned, a fiduciary – irrespective of specific title – that is bound to pursue the interests of all creditors should be within the protection given to the estate on behalf of all creditors of the debtor by section 108(a).  <u>C.I.T. Const.</u>, 944 F.2d at 259-60.  Accordingly, extension of the tolling of section 108(a) to the foreign representatives furthers the statute's purpose of allowing an appointed fiduciary a

---

[14]    While there are no reported decisions, the United States Bankruptcy Court for the Southern District of Mississippi found that section 108(a) was available to a foreign representative, in an order entered on October 10, 2007.  *See*, Point II D herein.

- 23 -

reasonable opportunity within which to investigate possible causes of action that belonged to the

Debtor at the time of the bankruptcy filing and to take action on those causes of action.

## **CONCLUSION**

For all of the foregoing reasons, the Orders of the Bankruptcy Court should be

reversed in their entirety, and the relief requested by the Foreign Representatives should be

granted.

Dated: New York, New York
      January 23, 2008

                         SATTERLEE STEPHENS BURKE & BURKE LLP
                         Counsel for the Foreign Representatives


                    By:  _/s/ Timothy T. Brock_____
                            Timothy T. Brock (TB-4718 )

                        _/s/ Abigail Snow_____
                            Abigail Snow (AS-2960)
                    230 Park Avenue
                    New York, New York 10169
                    (212) 818-9200