UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

BANCREDIT CAYMAN LIMITED (IN LIQUIDATION),

                Foreign Debtor.

Chapter 15 Case
No. 06-11026

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

BANCREDIT CAYMAN LIMITED (IN LIQUIDATION) ,

                Foreign Debtor-Appellant.

07 Civ. 11338 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

L<small>EWIS</small> A. K<small>APLAN</small>, *District Judge.*

        Richard Fogerty and G. James Cleaver (the "Foreign Representatives") are the Joint Official Liquidators, under Cayman Islands law, of Bancredit Cayman Limited (in Liquidiation). They appeal from orders of the Bankruptcy Court (Bernstein, B. J.) denying their applications (1) to amend the supplemental recognition order and (2) for reargument.

*Facts*

        On June 16, 2006, the Bankruptcy Court entered an order that, among other things, granted recognition, under chapter 15 of the Bankruptcy Code, of the Cayman Islands liquidation of Bancredit Cayman Limited. Two weeks later, it entered a supplemental order granting related relief.

        The Foreign Representatives then moved to amend the supplemental recognition order to provide, in relevant part, that in any action filed by them in the United States in furtherance of their activities as Joint Official Liquidators of Bancredit, they would be entitled to the benefit of

2

the extension of the statute of limitations provided for U.S. debtors by Section 108 of the Code.[1]
Judge Bernstein denied that application from the bench.

The Foreign Representatives then moved for reargument. Judge Bernstein denied that motion as well, this time in a carefully considered opinion. Concluding that "[t]he application seeks relief that is presently unnecessary and is plainly inappropriate, at least as a procedural matter,"[2] he denied the application. The Foreign Representatives appeal.

*Discussion*

The Foreign Representatives argue first that Judge Bernstein erred by, in substance, abstaining from deciding an issue arising in a core proceeding under the Code. From that premise, they proceed to contend that they were entitled to a determination that Section 108 would apply automatically in any action they later might institute or, at a minimum, that they were entitled under 11 U.S.C. § 1521(a)(7) to a discretionary determination by the Bankruptcy Court as to whether they should have been granted the benefit of Section 108.

The first problem with the Foreign Representatives' argument is that the Bankruptcy Court, in this Court's view, did not in substance abstain. It concluded that there was no live controversy before it. The Foreign Representatives had not sued anyone. No statute of limitations defense had been asserted against them. And there was no one before it who represented or could have represented anyone who might be affected by its action. The issue, in short, was purely

---

[1] 11 U.S.C. § 108.

[2] Mem. Op. at 3.

3

academic. The real question before the Bankruptcy Court therefore was whether it had jurisdiction, not whether it should have abstained, the latter being an issue that presupposes the existence of jurisdiction.[3]

The Foreign Representatives rest jurisdiction on Section 1334 of the Judicial Code.[4] Section 1334, with exceptions not here relevant and in pertinent part, confers jurisdiction over "all cases under title 11," the Bankruptcy Code. By virtue of Code Section 1509(a),[5] the Foreign Representatives commenced an ancillary "case" under the Code by filing their petition for recognition. Thus, the Bankruptcy Court had subject matter jurisdiction to that extent. But that does not end the inquiry, even granting *arguendo* the Foreign Representatives' dubious assertion that the issues they raise concern "the administration of the state" and thus are core proceedings.[6]

What the Foreign Representatives in substance sought here was an advisory opinion as to whether Section 108 applies automatically or, if it does not, an advisory opinion as to the power of the Bankruptcy Court under Section 1521(a)7) to extend its benefit to them. But Article III of the Constitution limits the judicial power of the United States courts to live cases and controversies.

---

[3] *See, e.g., County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188 (1959) (abstention is a decision to "postpone the exercise of [a court's] jurisdiction").

[4] 28 U.S.C. § 1334.

The rely also on Section 157, 28 U.S.C. § 157, but that statute, insofar as relevant here, does not confer jurisdiction. Rather, it addresses the division of business between district and bankruptcy courts.

[5] 11 U.S.C. § 1509(a).

[6] *See* 28 U.S.C. §§ 157(b)((1), 157 b)(2)(a).

4

Neither the district courts nor the bankruptcy courts, which are parts the district courts, have the power to grant such relief.[7]

In view of this conclusion, the Court has no occasion to consider whether, if there were subject matter jurisdiction, (1) the Foreign Representatives' application was a core proceeding, (2) if it was not, whether the prefatory language in 28 U.S.C. § 1334(c)(1) is properly construed as foreclosing permissive abstention, and (3) if it is not, whether abstention would be appropriate here.

The orders appealed from are affirmed.

SO ORDERED.

Dated:   March 31, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[7] *E.g., Coffin v. Malvern Federal Savings Bank,* 90 F.3d 851, 853-54 (3d Cir. 1996) (en banc); *In re Nunez,* Nos. 98-CV-7077 (CBA), 98-CV-7078 (CBA), 2000 WL 655983, at *6-8 (E.D.N.Y. Mar. 17, 2000); *see National Tax Funding, L.P. v. Thomas,* Nos. 97-28232-JKF, Civ.A. 01-385, Civ.A. 01-386, Civ.A. 01-387, Civ.A. 01-388, Civ.A. 01-389, 2002 WL 32093127, at *1-3 (W.D. Pa. Mar. 21, 2002).